UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

AUG 17 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MING SEN SHIUE
P.O. Box 1500
El Reno, OK  73036-1500
Reg. Nbr.  00499-041
      Petitioner

v.

BUREAU OF PRISONS
320 First Street N.W.
Washington, DC  20534
      Respondent

CASE NUMBER  1:06CV01452

JUDGE: Emmet G. Sullivan

DECK TYPE: Habeas Corpus/2255

DATE STAMP: 08/17/2006

## PETITION FOR WRIT OF HABEAS CORPUS AND MANDAMUS

Petitioner Ming S. Shiue, pursuant to 28 USC §2241 & §1361 seeks a writ of habeas corpus with mandamus as relief and states:

1. Petitioner is presently in the custody of the Federal Bureau of Prisons (hereafter referred as BOP), imprisoned at FCI El Reno, Oklahoma. Previously was held at MCFP Springfield, MO (1981), at USP Leavenworth, KS (1982), at USP Pollock, LA (2001), then FCI Three Rivers, TX (2004).

2. Petitioner is :

a) confined by virtue of a judgement and sentence of life (18 USC § 4205(a)) imposed by Honorable judge Devitt in US District Court (Minnesota), after trial by jury, on 10-29-1980 for the conviction of kidnapping (18 USC §1201).

Original

1

b) also under judgement and concurrent sentence of 40 years imposed after jury trial by the Honorable judge Bakke, in Anoka County District Court, on 03-02-1981 for the Minnesota state conviction of 2nd Degree Murder, with set release date of 07-09-2007. Petitioner is not challenging any of his convictions, sentencings, or direct appeals, nor have filed any previous civil actions of any sort with respect to aforementioned judgements in any court.

3. Petitioner claims unconstitutional restraint of liberty promulgated by Bureau of Prisons "greater security" designation that detrimentally:

a) lengthens sentence duration, eliminating early parole set forth by 18 USC § 4206(a).  [Argument IA]

b) imperils actual release from sentence under mandatory parole provisions of 18 USC §4206(d) and 28 CFR § 2.53.  [Argument IB]

c) risks life and personal safety unnecessarily with eternal segregation to more painful and harmful confinement.  [Argument IC]

4. Petitioner claims unconstitutional violation of due process when Bureau of Prisons did not:

a) afford opportunity for him to learn of or contest "greater security" sanction before application.  [Argument IIA]

b) provide fair, truth-finding reviews that articulate timely, rational connection between obsolete facts offered and contrived decision made.  Agency appeals are meaningless when respondent evade "shall respond to" obligation (28 CFR § 542.11(a)(4)) with incomplete answers that only state presumptive reasons to justify preordained results.  [Argument IIB]

2

5. Petitioner since 2005 is scored Low security by BOP Program Statement 5100.07. Respondent's superfluous permanent overclassification of Petitioner with obsolete, ulterior justifications, while contradicting agency's objective precedents, is arbitrary, capricious, or abuse of discretion. [Argument III]

6. Petitioner, an elderly, model inmate, in end phase of both sentences, and with severe chronic medical ailments (kidney & enlarged heart problems with extreme hypertension) plus physical liabilities (painfully crippling arthritis), can no longer be considered dangerous. Yet BOP expectancy of his impending threat from distant crimes never abates. The irrationality of persecuting "greater security" continuum forever into his record is fact-in-issue. [Argument IV]

7. Respondent's unending restrictive penalty for violence displayed over 25 years ago is vengeful vigilantism in absence of credible current threat. BOP stance reflect prejudicial, retribution for offense committed rather than calm deliberation of Petitioner's true situation and proper needs. [Argument V]

8. Respondent injure Petitioner constitutionally, statutorily, in extending more burdensome deprivations aforementioned along with defacto loss of familial visit with long distances and more limited life-saving health care.

Respondent owe duty to Petitioner on the following basis:

a) not to violate his fundamental rights under the 1st, 5th and 8th Amendments as provided by U.S. constitution.
b) to "assure proper classification and segregation" by 18 USC §4081.
c) to "provide safekeeping, care and protection" under 18 USC §4042.

3

d) not to be treated "arbitrarily or capriciously" pursuant to 5 USC §706(2)(A).

e) ensure records used in determination to have "relevance" and "timeliness" so "to assure fairness" under 5 USC §552(a)(e)(5).

f) not give evasive or incomplete replies under "shall respond to" obligation of 28 CFR §542.11(a)(4).

g) to be "placed thru an objective system of classification" as intent of agency program statement 5100.07.

h) be evaluated by "professional judgement **within** specific guidelines" as intent of agency program statement 5100.07.

9. Petitioner has exhausted all adequate and currently available Administrative Remedies by filing Institutional, Regional, and Central Office Appeals (respectively 403762 - F1, R1 and A1 & A2) that were all denied. This civil action is the final remedy left to rectify respondent's sanction. No monetary damages is sought within this petition.

10. All classifications cannot be swept under "like dirt beneath rug" covering of security decision. Petitioner is indefinitely condemned to suffer excessive deprivations from unreasonable, assumptive determinations that produce irrational, inconsistent or unconstitutional situations. For the reasons presented above and those set forth in the Brief in Support of the Petition, and in attached exhibits hereto, all of which are incorporated by reference herein, the esteemed court will hear this plea.

WHEREFORE, Petitioner respectfully requests:

a) That respondent be required to appear and answer all the allegations to this petition.

b) that the court, if necessary, grant an evidentiary hearing.

c) That the court, after reviewing all the facts and arguments, adjudge respondent's determination to perpetually impose "greater security" record against petitioner as excessive, or irrational, and/or arbitrary or capricious, and/or unconstitutional.

d) That after full consideration, this court relieve petitioner of unconstitutional restraint upon his liberty or indefinite harm to life and well-being or unfair treatment under statutory law, by issuing a writ of mandamus compelling the Bureau of Prisons Central Office to remove the management variable "greater security" requirement either:

1. entirely from petitioner's central file BP-338 record, or

2. set an expiration date (MVED) on BP-338 record equal to the Petitioner's Minnesota state sentence release date of July 9, 2007.

e) That this court grant such other, further and different relief as it may deem just and proper.

Respectively Submitted.

I certify under penalty of perjury that the forgoing is true and correct. Executed on: August 7, 2006

Ming S. Shiue    00499-041
P.O. Box 1500
El Reno, OK  73036